[Filed December 1, 1891.]

## J. W. McVICKER v. W. S. CONE et al.

Evidence—Memorandum—Writing.—Where a written contract was ruled out of evidence in a trial, but was allowed to be used by the plaintiff as a memorandum of the terms of the contract, it cannot be treated as in evidence and the contract of the parties to show that the testimony of such plaintiff included other terms than those contained in such contract, in violation of Hill's Code, § 692.

Corporations—Organization.—A corporation must have full and complete organization and existence as an entity and in accordance with the laws to which it owes its origin, before it can assume its franchises or enter into any kind of contract or business.

Jury—Instructions—Harmless Error.—Where the facts disclosed by the record show that the jury could not be misled in the way indicated by the objection to certain instructions, but that they were intended to guard the rights of the defendant as they stood related to the matter on trial, *held*, that the instructions were proper and necessary, and that there was no error.

Tillamook county: R. P. Boise, Judge.

Defendants appeal. Affirmed.

*W. W. Thayer, James McCain,* and *Claude Thayer,* for Appellants.

*T. B. Handley,* and *R. Stott,* for Respondents.

Lord, J.—This is an action brought by the plaintiff against the defendants as partners, under the firm name of The Bay City Wharf and Dock Company, to recover damages for breaches of a contract made by said defendants as partners with the plaintiff.

In substance, the plaintiff alleges in his complaint that in July, 1888, the plaintiff contracted with the defendants that he would construct at or near Bay City a certain dock and elevated roadway of driven piling and plank to be about fourteen hundred feet in length; that he was to do

XXI Or.—23.

all the work and furnish the necessary bolts and spikes, and that the defendants were to furnish all other materials needed in the prosecution of the work; that the defendants agreed to pay therefor at the rate of sixty-five cents per lineal foot for the roadway, and proportionately for the dock; that subsequently and in pursuance of said contract the plaintiffs commenced the construction of the same, procured and furnished the necessary spikes and bolts and worked upon the said dock and roadway until October 20, 1888, when he was compelled to cease operations by the total failure of defendants to furnish the materials for the same, whereby he has been prevented from completing the said dock and roadway; that the plaintiff has at all times been ready and willing to complete said work according to contract, and has offered to so do; that if the defendants had furnished the materials as agreed, he would have made a profit of more than four hundred dollars, etc., and that plaintiff expended in labor and materials the sum of six hundred and twenty dollars, upon which has been paid the sum of seventy-six dollars; that the expense of plaintiff occasioned by the delay caused by lack of material, for board of men and his own time was seventy-six dollars.

Two other causes of action are alleged for logs sold and delivered to the defendants, one amounting to the sum of seventy-two dollars and interest from the date specified, and the other for ninety-three dollars and sixty-eight cents and interest from the date alleged.

The answer of the defendants denied the allegations of the complaint. Upon the trial the plaintiff had a verdict for six hundred and sixty-six dollars and thirty-two cents against the defendants W. S. Cone, B. Baughman, and C. E. Wilson, partners under the firm name as alleged, upon which judgment was rendered against the defendants.

It appears by the bill of exceptions that the plaintiff testified in substance that the contract between himself and the defendant was in writing, and produced a copy, which was objected to on the ground that the same did not purport

to be the contract of the defendants as partners as described in the complaint, which objection was sustained by the court, whereupon plaintiff was asked: "What took place between Cone and you about the building of this wharf and roadway?" To which question the defendants objected as incompetent, for the reason that the contract had been reduced to writing; which objection the court overruled and the defendants excepted; whereupon the plaintiff testified to a contract, using the said writing as a memorandum thereof, and testified that the writing contained the terms of the contract and his signature; but testified that at the same time it was further agreed that "he was to be furnished planking as the work progressed, so that the spiles could be driven by means of horses instead of hands." Under these circumstances, the contention for the defendants is, that to allow plaintiff to testify to other terms than those contained in the writing, was error and contrary to the provisions of section 692, Hill's Code. This proceeds upon the hypothesis that the writing was considered and treated as the contract of the parties, and that the testimony admitted under the question included terms not contained in it. Now the contract offered by the plaintiff was ruled out on the objection of the defendants that it did not appear to be the contract of the defendants as partners, but appeared to be the contract of a corporation, and therefore it was not in evidence and cannot be looked at for its terms, nor be treated as the contract of the parties. It is true that the plaintiff was allowed to use it as a memorandum, testifying that it contained the terms of the contract, but it was from his testimony, when refreshed by it, that the terms of the contract were to be ascertained and not from such contract used as a memorandum. There was therefore, when such question was asked, no contract in evidence which by the answer could add to or inject other terms.

The next assignment of error is in sustaining the objection of plaintiff to the introduction as evidence of the articles of incorporation of the Bay City Wharf and Dock

Company. It appears that after the plaintiff had rested, the defendant Cone gave testimony tending to show that no partnership ever existed between the defendants, and that no partnership ever existed between any of the parties under the partnership name of the Bay City Wharf and Dock Company, and that the contract already referred to and ruled out was made by him as president of and on behalf of said company. Thereupon the defendants offered in evidence the original articles of incorporation made and filed with the county clerk, and which purported to be articles of incorporation of the Bay City Wharf Company, admitting that on the eighteenth day of August, the date of making said contract, no part of the stock of the corporation had been subscribed, nor had the corporation been organized by the election of officers; to the admission of which writing plaintiff objected, and the court sustained the objection and excluded the evidence. The defendants also offered in evidence the contract which had been ruled out, but which now was admitted without objection. From this statement it is clear that the contention of the defendants was that the contract, whatever it might be, was made by the plaintiff with a private corporation, and not with any of them as partners; that this being the principal point of dispute, they were injured by the refusal of the court to admit the articles of incorporation to show its existence. This argument is based on the assumption that the corporation was organized and in existence and competent to transact business. In that view, the argument may not be disputed, but the reason the court refused to admit the articles of incorporation was that such corporation had not been organized, nor had it acquired an existence as an entity which enabled it to contract.

The record admits that "at the date of making the contract no part of the stock of the corporation had been subscribed, nor had the corporation been organized by the election of officers"; nor does it appear that anything was done other than the mere filing of the articles of incorpora-

tion. This was not enough to create a corporate entity with power to contract and transact business. "A corporation must have full and complete organization and existence as an entity, and in accordance with the laws to which it owes its origin, before it can assume its franchises or enter into any kind of contract or business." (4 Am. & Eng. Ency. 197.) The reason is, that the corporation must at least have a *d? facto* existence before it makes a contract. In the case at bar there was no stock, nor subscription of stock, nor officers, nor board of directors, nor anything done to perfect the organization. It is true that the whole amount of stock is not required to be subscribed to entitle the corporation to proceed with the organization; but the amount provided by section 3222, Hill's Code, must be subscribed before the corporation can be legally organized. (*Coyote etc. Co.* v. *Ruble,* 8 Or. 284.) In the case last cited, KELLY, C. J., said: "Where the statute prescribes the manner in which the corporation shall be organized, its requirements must be substantially complied with, otherwise it will have no legal capacity to transact any business as a corporation." Nor does the case of *Paxton Cattle Co.* v. *First National Bank,* 21 Neb. 621; 59 Am. Rep. 852; relied upon, support the contention for the appellant. That case shows that before the commencement of the action, the corporation had been in existence, "both *de facto* and *de jure,* as a corporation under the laws of the state," and therefore was organized and in existence when the contract was made, although the articles of incorporation had not been filed. The court says: "From the agreed statement of facts set out, it appears that after the articles of incorporation had been drawn up and signed by all the promoters of the scheme, and a full set of officers for the corporation had been elected, but before the said articles were filed in the county clerk's office and before the time fixed for the commencement of the business of the corporation, the said officers and promoters entered into the contract," etc.

It is the facts admitted by the record, taken in connection with the articles, which render them nugatory for the

purpose of proving corporate existence. These facts show
there was no corporate organization, nor officer, nor agent
to represent any corporate entity, without which there can
be no corporate existence nor business transaction with or
by a corporation. As Mr. Morawetz says: "It is a self-
evident proposition that a contract cannot be made with a
corporation unless the corporation be in existence at the
time. The creation of a contract with a corporation which
does not exist would be a contradiction in terms, and is
impossible in the nature of things as a real contract with
imaginary persons. It is essential, therefore, in order to
establish the existence of a contract with a corporation, to
show that the corporation was in existence *de facto* at the
time when the contract was made." The defendants, then,
were certainly not prejudiced in any way by the refusal to
admit the articles of incorporation, when it was admitted
that the so-called corporation had never been organized nor
completed.

The third assignment of error, and upon which counsel
say they chiefly rely, is the giving of the following instruc-
tion: ".If you find from the evidence that in making the
memorandum of the contract offered in evidence the plain-
tiff believed that he was contracting with the Bay City
Wharf Company, and that the defendants were parties
constituting the company, and W. S. Cone represented that
defendants constituted such company, and that the defend-
ants did constitute such company, then you can find a
verdict against all the defendants. If you find that the
contract was made with the Bay City Wharf and Dock
Company, and part of the defendants represent them-
selves to constitute said company, then you can find a
verdict against those defendants who represented them-
selves to constitute such company, and not against any
defendant who was not a member of such company." The
pleadings and the evidence for the plaintiff tended to show
that he contracted with the wharf company as a partner-
ship and not as a corporation. It was as partners doing

business under the firm name of the Bay City Wharf and Dock Company. There was a slight inaccuracy which occurs in respect to the names, but it is immaterial in the consideration of this case. The objection to the instruction is that the jury had a right to believe and did believe that if the defendants in any manner composed or constituted the Bay City Wharf Company, it made no difference whether such company was a partnership or a corporation. This objection rests upon the assumption that the contention between the parties was as to whether the contract was made with defendants as partners under the name of the Bay City Wharf Company, or with a corporation bearing that name. To determine whether this instruction was misleading in the particular noted, we must examine the record and ascertain how the case stood when the instruction was given.

The bill of exceptions discloses that the plaintiff introduced evidence tending to show that the defendants Cone, Baughman, Wilson, and Hurst were partners interested in some manner in the construction of the wharf in question, and were interested in selling real estate adjacent, etc., near where the wharf and roadway were to be constructed, and that the defendant Baughman superintended the construction of the wharf and roadway, so far as built. In brief, the plaintiff had not only alleged but had introduced testimony tending to show that the defendants were partners under the firm name of the company, already denominated, and that he had contracted with them as such. The defendants sought to show that the contract was made with a corporation of that name and not with the defendants as partners, under such name. For this purpose the defendants sought to prove the existence of such corporation, but failed for the reason that the articles of incorporation, when offered, were accompanied with the admission that no part of the stock for such corporation had been subscribed, nor had it been organized by the election of any officers at the date at which the contract was made, as already fully explained.

Such being the state of the facts, the jury neither had the right to believe nor could believe the defendants constituted a corporation under that name, competent to contract and transact business, nor if the defendants in any manner constituted the Bay City Wharf Company, that it made no difference whether such company was a partnership or a corporation. No such case was presented by the record, and the liability to that result is impossible. The object of the instruction was to distinguish and fix the liability upon all or part of the defendants, as the evidence might indicate they had respectively rendered themselves responsible upon the contract under the name of such company. The instruction was proper and intended to guard the rights of the defendants as they stood related to the matter upon trial.

There was no error, and the judgment must be affirmed.